## COMMONWEALTH *vs.* HORACE ADAMS.

A complaint, which alleges that the defendant "on the 23d and 29th days of July 1852," "did sell a quantity of spirituous liquor, to wit, one gill of brandy," charges only one sale, and is insufficient in law, because it does not state the time with sufficient certainty.

A COMPLAINT, made by John B. Cole to a justice of the peace for the county of Hampden, on the 6th of August 1852, alleged that the defendant at Chicopee, "on the twenty-third and twenty-ninth days of July 1852," not being duly appointed, &c. "did sell a quantity of spirituous liquor therein, to wit, one gill of

brandy, to said Cole, against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

The defendant, at his trial in the court of common pleas, objected to the sufficiency of this complaint, and prayed that he might be discharged, " 1. because the complaint is defective and bad by reason of duplicity, inasmuch as it charges two offences or sales in one and the same count, to wit, one on the 23d day of July, and one on the 29th day of July; 2. because the time of the commission of the offence charged is not sufficiently and properly set forth in said complaint." But *Mellen,* J. overruled the objections, and the defendant excepted to his ruling.

This case was argued at September term 1853, by *G. M. Stearns,* for the defendant, and *R. Choate,* (Attorney General,) for the Commonwealth.

MERRICK, J.   Under the first point made by the defendant, he insists that the complaint against him is defective and bad by reason of duplicity, inasmuch as it charges two offences in one and the same count.   He predicates this objection upon the allegation in the complaint that the defendant, " on the twenty-third and twenty-ninth days of July, did sell a quantity of spirituous liquor, to wit, one gill of brandy," to John B. Cole.   And he contends that this language imports, and is equivalent to a substantial averment, that the defendant sold liquor twice, on two different days, and by two distinct and separate contracts of sale.   This position was not contested by the counsel for the Commonwealth; but while he proceeded to maintain that the complaint was nevertheless good and sufficient, he admitted that the position itself was correctly taken.   We cannot however adopt that assumption, nor yield our assent to such an interpretation of the language of the complaint, though it is thus asserted by one, and its accuracy is conceded by the other of the parties.   In truth, there is only one transaction, a single asserted violation of law, stated in it; and that is the sale of one gill of brandy.   It contains no other averment whatever of an act done.   It names two days, on either of which a contract of sale may have been wholly or partially made; but it asserts

only one sale, and describes only a single quantity of the article sold. It does not therefore charge two offences in the same count, and is not obnoxious to the objection of duplicity.

But the complaint is erroneous and insufficient, because the time of the commission of the alleged offence is not properly or legally stated. Time should be stated with such certainty that no doubt can be entertained as to the period really intended. In 2 Hawk. *c.* 25, § 77, it is said to be "laid down as an undoubted principle in all the books that treat of this matter, that no indictment whatsoever can be good, without precisely showing a certain year and day of the material facts alleged in it." The same rule is recognized by the more recent authorities, and is constantly sustained by judicial decisions. Archb. Crim. Pl. (5th Amer. ed.) 37. 1 Chit. Crim. Law, 217. *The State* v. *Baker*, 34 Maine, 52. The unlawful act, with the doing of which the defendant is charged, is the sale of a definite quantity of spirituous liquor. That sale therefore is the material fact which should have been alleged to have occurred on a day certainly and particularly stated. But the time being left uncertain and doubtful, that is, whether the sale was made on the 23d or 29th of July, the complaint is fatally defective.

*Exceptions sustained.*